# EXHIBIT 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

ENDORSED
FILED
ALAMEDA COUNTY

MAR 2 5 2016

CLERK OF THE SUPERIOR COURT
CHERYL CLARK
By_____
Deputy

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

PACIFIC GAS & ELECTRIC COMPANY INC., a California corporation, and DOES 1-25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

VINCENT BOATWRIGHT

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

---

The name and address of the court is:
(El nombre y dirección de la corte es): Alameda County Superior Court
1221 Oak Street
Oakland, CA 94610

1225 FALLON STREET
OAKLAND, CA 94612-4280

**CASE NUMBER:**
**(Número del Caso):** RG 16809159

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Adam S. Gruen, 1791 Solano Ave., D-1, Berkeley, CA 94707 (510) 526-4949

DATE: MAR 2 5 2016     Chad Finke     Clerk, by   CHERYL CLARK   , Deputy
(Fecha)                            (Secretario)              (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Pacific Gas &Electric Company, Inc., a California corporati

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Adam S. Gruen   (SBN#114888)
LAW OFFICES OF ADAM S. GRUEN
1791 Solano Avenue; D-1
Berkeley, CA · 94707
Telephone: (510) 526-4949

Attorneys for Plaintiff
VINCENT BOATWRIGHT

ENDORSED
FILED
ALAMEDA COUNTY

MAR 2 5 2016

CLERK OF THE SUPERIOR COURT
By CHERYL CLARK
Deputy

SUPERIOR COURT OF CALIFORNIA

ALAMEDA COUNTY

UNLIMITED JURISDICTION

VINCENT BOATWRIGHT,

    Plaintiff,

PACIFIC GAS & ELECTRIC COMPANY
INC., a California corporation,
and DOES 1-25, inclusive,

    Defendants.

CASE NO.   RG16809159

COMPLAINT

BY FAX

CALENDARED
PLEADINGS
DUE: 5.7.2016
Stated:   Computed:

1.  Plaintiff Vincent Boatwright ("referred to as "Mr. Boatwright" or "Plaintiff") is an individual who resides in the City of Chico, California.

2.  Defendant Pacific Gas and Electric Company, Inc. is a corporation created and existing under the laws of the State of California (sometimes referred to as "PG&E" or the "Named Defendant").

3.  PG&E is a resident of this county, and each and every county in the state. PG&E does substantial business and has significant operations in the county.

4.  Plaintiff does not know the true names and capacities of other defendants who are, or may be, responsible in some way for Plaintiff's damages in this action. He therefore sue these defendants as Does 1-25. Plaintiff alleges, on information and belief, that Does 1-25, and each of them, were and responsible for the conduct complained of. Plaintiff further alleges, on information and belief, that Does 1-5, and each of them were (or are) the shareholders, parents, owners, or subsidiaries of the Named Defendant. The Named Defendant and Does 1-25 are referred to  individually and collectively in the complaint as the  "Defendants."

5.  Plaintiff was a long-time employee of PG&E. Plaintiff was employed by PG&E in 2007, and worked continuously for PG&E until he was "laid off"on September 22, 2014, without good or just cause, as a result of, and in retaliation for, seeking protected family medical leave to be with his wife and new-born child.

6.  Mr. Boatwright was a well-respected employee in the Chico office of PG&E for three years before he was laid off. Plaintiff had received uniformly positive performance reviews and promotions. His reviews made note that he was a good employee who had particular versatility because he was trained in, and worked in, a number of different and useful positions for the PG&E.

-1-

COMPLAINT OF PLAINTIFF VINCENT BOATWRIGHT

7. While working for PG&E in Chico, Plaintiff was promoted three separate times. Plaintiff received periodic performance-based pay raises from PG&E. Plaintiff had no history of discipline.

8. Plaintiff was expressly assured by his supervisor, Cathy McCain, in 2014, that due to his versatility, skills, and past performance that he would be the "last man standing" in the Chico office of PG&E if lay-offs became necessary.

9. Plaintiff had always viewed PG&E as a long-term position, and career, and as a way to support himself and his family. He also felt good about the contribution he was making as an individual, who was an employee and face of PG&E to his customers in the field.

10. Mr. Boatwright's wife gave birth to their son on August 18, 2014. Plaintiff requested the remainder of the week off to give support and aid to his wife, and to bond with their new-born baby. His supervisor, Ms. McCain, however, insisted he return to work. Plaintiff complied, and returned to work on August 25, 2014.

11. On August 25, 2014, when Plaintiff returned to work, as ordered, Ms. McCain was out on vacation. Plaintiff submitted formal notice to PG&E under the Family and Medical Leave Act (FMLA) and the California Family Rights Act (CFRA) of his request to take leave due to the birth of his child. He was advised by PG&E that a month's advance notice was required. Plaintiff specifically made request in writing for leave on September 25 and 26, 2014. He was told his leave was approved, effective September 25, 2014.

12. Plaintiff told Ms. McCain on September 8, 2014, when she returned from vacation, that he had requested family leave from PG&E beginning on September 25, 2014, and received approval. Ms. McCain assured Plaintiff that was "fine."

13. Mr. Boatwright, to his shock and surprise, was instead terminated effective September 22, 2014, the day before his scheduled leave. PG&E gave no reason to Mr. Boatwright for his layoff.

-2-

COMPLAINT OF PLAINTIFF VINCENT BOATWRIGHT

14. The "separation" document given to Plaintiff by PG&E merely states that Plaintiff was "laid off - [and is] eligible for rehire."

15. When Plaintiff was laid off, another individual in the office, "Manny," was retained. Plaintiff, in fact, had been promoted over and above Manny on several occasions.

16. Just several days after Plaintiff was laid off, another PG&E employee, "Ashley," was transferred to the Chico office of PG&E to assume many or most of Plaintiff's former duties.

17. Two weeks after he was laid off, PG&E sent to Mr. Boatwright its "New Baby" care package.

18. Plaintiff complained he was terminated improperly, and also in retaliation for requesting family leave. PG&E claimed it would  investigated Mr. Boatwright's claims. PG&E apparently limited its investigation into only whether he had been terminated in retaliation for requesting family leave.

19. PG&E responded by letter dated January 14, 2014, to Mr. Boatwright, and stated that PG&E has "conducted an investigation into your concerns of alleged termination as a result of requesting FMLA leave."

20. PG&E's  January 14, 2014 letter concludes that the investigator was "unable to substantiate the allegations made and concluded that there were no policy violations."

21. PG&E intentionally and improperly limited the scope of its investigation.  PG&E did not investigate all of the claims Mr. Boatwright made. PG&E did not make a fair, impartial, reasonable or good-faith investigation into his claims.

-3-

COMPLAINT OF PLAINTIFF VINCENT BOATWRIGHT

22. Mr. Boatwright, through counsel, wrote to advise in response to the January 14, 2014 PG&E letter, by letter dated April 8, 2015, that "he was: (1) wrongfully terminated by PG&E without good or valid cause and in violation of his implied contract for continued employment established under California case law; (2) terminated because of his race - he is African American -  in violation of state and federal anti-discrimination laws; (3) terminated in retaliation for requesting FMLA and CFRA leave; (4) terminated in violation of the public policy prohibiting discrimination based on race and other protected status; and (5) terminated at such time and under such conditions as to have caused him to suffer severe emotional distress."

23. The April 8, 2015 letter asked that in the meantime, we would like to receive and review the investigator's transcripts and notes of his interviews with seven different individuals at PG&E (including Mr. Boatwright) as reported in the [January 14, 2015] letter."

24. Plaintiff's April 8, 2015 letter concluded with the question to "[p]lease advise whether the investigation [PG&E] coordinated also included these claims of Mr. Boatwright as well."

25. Nether Mr. Boatwright nor his attorney received any response to the April 8, 2015 letter.

26. Mr. Boatwright thereafter timely filed a claim of discrimination and retaliation with the California Department of Fair Employment and Housing.

27. Plaintiff received a Right to Sue letter fro DFEH dated September 10, 2015, which is attached.  This lawsuit follows.

## FIRST CAUSE OF ACTION
### (Breach of Contract for Continued Employment Against Defendants)

28. Plaintiff incorporates the allegations of paragraphs 1-27, inclusive, of the complaint as though fully set forth here.

-4-

COMPLAINT OF PLAINTIFF VINCENT BOATWRIGHT

29.  Plaintiff was a long-time employee of PG&E. He received uniformly positive performance reviews. Plaintiff also was awarded periodic pay raises. He was assured he would be the "last man standing" in the office.

30.  PG&E employed plaintiff pursuant to its letter of hire.  Plaintiff's employment also was subject to the terms and conditions of the PG&E employment and personnel manuals and policies, including those relating to layoff and termination.

31. Plaintiff, based on all theses facts, had a contract with PG&E under California law for continued employment absent good and just cause for termination based on written, oral and implied in fact terms.

32. PG&E breached the contract for continued employment when it terminated Plaintiff without good or just cause. Plaintiff's termination was unfair, unexpected and in violation of the contract for continued employment absent good cause for termination.

33. Plaintiff has suffered damages as a direct result of the breach of contract by the Defendants in excess of the jurisdictional requirements of this court, in an amount to be proved at trial.

### SECOND CAUSE OF ACTON
(Breach of the Covenant of Good Faith and Fair Dealing Against All Defendants)

34.  Plaintiff incorporates the allegations of paragraphs 1-27, inclusive, of the complaint as though fully set forth here.

35.  California law implies in every contract a mutual obligation of good faith and fair dealing in the performance of the contract obligations by the parties          36.  Defendants breached the duty by terminating Plaintiff without good or just cause, and in violation of the obligations and duties of Defendants to provide alternate work opportunity to those laid off with skills and past performance history similar to Plaintiff.

-5-

COMPLAINT OF PLAINTIFF VINCENT BOATWRIGHT

1    37. Plaintiff has suffered damages as a direct result of the breach of the covenant of good

2    faith and fair dealing by the Defendants in excess of the jurisdictional requirements of this

3    court, in an amount to be proved at trial.

4

                              THIRD CAUSE OF ACTION
5                 (Violation of the Family Medical Leave Act and California's
                      Family Rights Act  Against All Defendants)
6

7    38. Plaintiff incorporates the allegations of paragraphs 1-27, inclusive, of the complaint

     as though fully set forth here.
8

9    39. The federal Family Medical Leave Act ("FMLA") provides certain guarantees and

10   assurances to employees who require time off for qualified family leave.  So, too, does

     Government Code section 12945.2.
11

12   40. Plaintiff requested family leave from Defendants pursuant to the FMLA following

13   the birth of his son in order to care fore his wife.

14   41. Defendants approved Plaintiff's FMLA leave for September 25 and 26, 2014.

15   42.  Plaintiff told his supervisor, Ms. McCain, on September 8, 2014, that he had

16   requested family leave from PG&E beginning on September 25, 2014, and received approval,

     which Ms. McCain assured Plaintiff that was "fine."
17

18   43. Mr. Boatwright, to his shock and surprise, was instead terminated effective

19   September 22, 2014, the day before his scheduled leave. PG&E gave no reason to Mr.

     Boatwright for his layoff.
20

21   44. Plaintiff has suffered damages as a direct result of the breach of the covenant of

22   good faith and fair dealing by the Defendants in excess of the jurisdictional requirements of

23   this court, in an amount to be proved at trial. He also seeks to recover his attorney's fees under

     the FMLA and CRA.
24

25
                                         -6-
26

27              COMPLAINT OF PLAINTIFF VINCENT BOATWRIGHT

28

## FOURTH CAUSE OF ACTION
### (Retaliation Against All Defendants)

45. Plaintiff incorporates the allegations of paragraphs 1-44, inclusive, of the complaint as though fully set forth here.

46. California law, including Government Code section 12940(h), prohibits any retaliatory act in employment, including termination and lay-off, due to an employee's protected conduct, including requesting and planning to take approved leave, as Plaintiff did here.

47. Defendants approved Plaintiff's leave.  Defendants, apparently motivated by Plaintiff's supervisor, instead laid him off.

48. There was sufficient and customary work for Plaintiff to perform when he was laid off.  Indeed, he was replaced soon after his termination.

49. Defendants terminated Plaintiff in retaliation for requesting and planning to take approved leave

50. Plaintiff has suffered damages as a direct result of the breach of the covenant of good faith and fair dealing by the Defendants in excess of the jurisdictional requirements of this court, in an amount to be proved at trial. He also seeks to recover his attorney's fees under Government Code section 12965(b).

## FIFTH CAUSE OF ACTION
### (Race Discrimination Against All Defendants)

51. Plaintiff incorporates the allegations of paragraphs 1-27, inclusive, of the complaint as though fully set forth here.

52. California's Fair Employment and Housing Act, set out in Government Code sections 12940-12951 ("FEHA"), prohibits discrimination based on race.

53. Plaintiff alleges on information and belief that he was terminated due to his race in violation of FEHA.

-7-

54.  Plaintiff has suffered damages as a direct result of the race discrimination of Defendants in excess of the jurisdictional requirements of this court, in an amount to be proved at trial.

55. FEHA provides for an award of attorney's fees to Plaintiff if he prevails, including in Government Code section 12965(b). Plaintiff seeks to recover his attorney's fees incurred under FEHA.

## SIXTH CAUSE OF ACTION
(Wrongful Termination in Violation of Public Policy Against Defendants)

56.  Plaintiff incorporates the allegations of paragraphs 1-55 inclusive, of the complaint as though fully set forth here.

57.  Whether he was terminated for requesting family leave, or due to his race, Plaintiff was terminated by Defendants  improperly and in violation of public policy.

58.  Plaintiff has suffered damages as a direct result of the wrongful termination by Defendants of Plaintiff in violation of public policy, in excess of the jurisdictional requirements of this court, in an amount to be proved at trial.

59.  Defendants' conduct is despicable, fraudulent, oppressive, and done in conscious disregard of Plaintiff's rights. Defendants adopted and ratified the wrongful acts of its employees by purporting to investigate the termination of Plaintiff and concluding it was proper. Plaintiff seeks punitive and exemplary damages against Defendants, jointly and severally, in a sufficient amount to punish them and to deter such conduct in the future.

-8-

COMPLAINT OF PLAINTIFF VINCENT BOATWRIGHT

1

2

### SEVENTH CAUSE OF ACTION
(Infliction of Emotional Distress Against All Defendants)

3   60.  Plaintiff incorporates the allegations of paragraphs 1-59, inclusive, of the complaint

4   as though fully set forth here.

5   61.  Defendants owed a duty and obligation to Plaintiff to not act intentionally or

6   negligently in a way so beyond the bounds of civilized society toward its employees and

7   customers.

8   62.  Defendants acted well beyond what is permitted and expected to be endured in an

9   employment setting by terminating Plaintiff in retaliation for requesting family leave, or due to

10  his race, or both, and then denying it following an "investigation."

11  63.  Defendants did not conduct a fair or impartial investigation into the facts and

12  circumstances of Plaintiff's termination.

13  64.  All of these acts and omissions caused Plaintiff to suffer severe emotional distress.

14  He has physical manifestations of the emotional distress, including loss of appetite and weight

15  loss.

16  65.  Plaintiff has suffered damages as a direct result of the infliction of emotional

17  distress by Defendants of Plaintiff in violation of public policy, in excess of the jurisdictional

18  requirements of this court, in an amount to be proved at trial.

19  66.  Defendants' conduct is despicable, fraudulent, oppressive, and done in conscious

20  disregard of Plaintiff's rights. Defendants adopted and ratified the wrongful acts of its

21  employees by purporting to investigate the termination of Plaintiff and concluding it was

22  proper. Plaintiff seeks punitive and exemplary damages against Defendants, jointly and

23  severally, in a sufficient amount to punish them and to deter such conduct in the future.

24

25                                                -9-

26

27                    COMPLAINT OF PLAINTIFF VINCENT BOATWRIGHT

28

1    WHEREFORE, Plaintiff prays for relief as follows:

2    1.  For general and special damages in excess of the minimum jurisdictional

3    requirements of this Court, trebled under FEHA, including back wages;

4    2.  For reinstatement of employment with full benefits;

5    3.  For punitive and exemplary damages sufficient to punish Defendants and to deter

6    such conduct in the future;

7    4.  For reasonable costs of suit and for reasonable attorney's fees, including under

8    Government Code section 12965(b);

9    5.  For such other relief as is just and proper.

10   Dated: March 22, 2016                            LAW OFFICES OF ADAM S. GRUEN

11

12                                                    By _____

13                                                         Adam S. Gruen
                                                         Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25                                       -10-

26

27            COMPLAINT OF PLAINTIFF VINCENT BOATWRIGHT

28